[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner, represented by Special Public Defender Kenneth Fox, has filed an amended petition for a count of habeas corpus, dated March 12, 2002, alleging ineffective assistance of trial counsel, Megan McLoughlin.
Although the amended petition raises various claims, the only claim advanced in his brief by the petitioner is that Attorney McLoughlin was ineffective in not pursuing a motion to suppress various videotapes. These videotapes were seized by the state at the defendant's home as the result of a search and seizure warrant on the day that he was arrested. The return filed by the respondent alleged a procedural default, which the court finds has been abandoned since this issue has not been briefed. The respondent's brief deals only with the claim of ineffective assistance of counsel. This memorandum will cover all claims made in the amended petition.
On October 16, 1997, in Docket Number CR 97-29171, the petitioner pleaded guilty, on a substituted information, to one count of risk of injury to a minor, Connecticut General Statutes § 53-21; and one count of sexual assault, first degree, § 53a-70. The pleas were entered under the Alford doctrine and were based on a plea agreement CT Page 9027 which called for a total effective sentence of twenty years, suspended after ten years, followed by a period of probation to be determined by the court, with certain special conditions. The petitioner reserved the right to argue for a lesser sentence. The state also agreed not to file any additional charges related to this case. On December 4, 1997, in accordance with the plea agreement, the petitioner was sentenced to a total effective sentence of twenty years, execution suspended after ten years, with twenty years probation with special conditions, including registration as a sex offender. He is still in custody.
On May 23, 2002 the court conducted an evidentiary hearing on the amended petition. The only witnesses presented by the petitioner were Detective Joseph Biondi of the West Haven Police Department, and Attorney McLaughlin. The respondent offered no witnesses. Also introduced by agreement of the parties were twenty seven exhibits. These included police reports, the search and seizure warrant in question, transcripts of interviews with several victims, a transcript of an interview with the petitioner, transcripts of all of petitioner's appearances in court culminating in the sentencing on December 4, 1997, copies of various motions filed by Attorney McLoughlin, including a motion to suppress evidence which covered the seized videotapes, the presentence investigation report, and a letter from the petitioner to Attorney McLoughlin sent after his pleas of guilty and before sentencing.
 "Initially, we recognize that `[a] criminal defendant is constitutionally entitled to adequate and effective assistance of counsel at all critical stages of criminal proceedings. Strickland v. Washington, supra, 466 U.S. 686. . . . Pretrial negotiations implicating the decision of whether to plead guilty is a critical stage . . . and plea bargaining is an integral component of the criminal justice system. . . ." (Citations omitted.) Copas v. Commissioner of Correction, 234 Conn. 139, 153, 662 A.2d 718 (1995).
For a criminal defendant to prevail on a constitutional claim of ineffective assistance of counsel, he must establish both (1) deficient performance and (2) actual prejudice. Phillips v. Warden, 220 Conn. 112, 132, 595 A.2d 1356 (1991). Thus, he must establish not only that his counsel's performance was deficient, but that as a result thereof he suffered actual prejudice, namely, `that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' Strickland v.CT Page 9028 Washington, supra, 466 U.S. 694. In this context, a `reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different,' does not require the petitioner to show that `counsel's deficient conduct more likely than not altered the outcome in the case.' Id., 693. `Rather, it merely requires the petitioner to establish `a probability sufficient to undermine confidence in the outcome.' Id., 694. Bunkley v. Commissioner of Correction, 222 Conn. 444, 445-46, 610 A.2d 598 (1992)."
Daniel v. Commissioner of Correction, 57 Conn. App. 651, 664 (2000).
Detective Biondi testified about his involvement in the criminal cases which included the search and seizure of the videotapes at the petitioner's residence. There was nothing in this testimony that was of assistance to the petitioner in meeting his burden of proof on any of the claims in his amended petition.
Attorney McLoughlin testified in detail about her representation of the petitioner, commencing in July, 1997 when she was retained as private counsel, through the sentencing on December 4, 1997. The court finds that she was a very credible witness and the court accepts her testimony as factual. Her decision not to proceed with the motion to suppress the videotapes, which was agreed to by the petitioner, was reasonable trial strategy in view of the probability that it would not be successful, the balance of the state's evidence, and the extremely reasonable plea agreement she was able to reach with the state.
The petitioner has failed to prove that the videotapes were obtained illegally, and would have been suppressed, or that without the videotapes, the evidence would have been insufficient to prove his guilt. Attorney McLoughlin did eventually advise him to plead guilty, which he did without admitting that he committed the crimes to which he pled. Counsel did conduct a flail investigation and explained his options with respect to plea or trial. The consequences of the guilty pleas were explained by counsel and by the court at the time the pleas were entered.
The petitioner was fully advised by Attorney McLoughlin on all aspects of the case, factual and legal, from beginning to end. She provided excellent representation and obtained a very favorable result for her client. Based on all the evidence at the habeas hearing, the court frilly agrees with trial counsel's opinion that the case against her client was overwhelming, with or without the videotapes, and that it would have been CT Page 9029 "suicide" to proceed to trial. Her opinions and advice throughout the case were discussed with the petitioner, and he knowingly and voluntarily entered his Alford pleas of guilty. In view of the strength of the state's case and the fact that conviction on the various pending charges, and several other charges that could have been filed and prosecuted, would have exposed the petitioner to imprisonment in excess of two hundred years, the decision to plead guilty was a wise one.
The petitioner has the burden of proving both ineffective assistance of counsel and actual prejudice as a result thereof. He has failed in both respects. He has failed to prove any of the allegations of ineffective assistance of counsel as set forth in the amended petition or any prejudice whatsoever.
The amended petition is dismissed.
By the Court,
 William L. Hadden, Jr. Judge Trial Referee